UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BONNIE MATHERNE BURNS | CIVIL ACTION |
| VERSUS | NO. 10-956 |
| DUNES OF DESTIN NEIGHBORHOOD ASSOCIATION, INC., ET AL | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is Defendants' Motion to Dismiss (Rec. Doc. No. 8). Although the Court previously granted Defendants' request for oral argument, the Court has concluded, after reviewing the parties' written submissions, that oral argument is not necessary for proper resolution of the motion. The Court also is aware that, as a result of Tropical Depression No. 5, heavy rainfall and street flooding are expected in the area this Wednesday. Accordingly, **IT IS ORDERED** that the oral argument scheduled to be held on Wednesday, August 18, 2010, is **CANCELLED**. For the reasons stated herein, **IT IS FURTHER ORDERED** that Defendants' motion is **GRANTED** and that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

## Analysis

Plaintiff, Bonnie Matherne Burns, owns a vacation home in Destin, Florida. Plaintiff alleges that each of the defendants is responsible for allowing a pool to be installed in her neighbor's

front yard.[1] According to Plaintiff, the pool is within a few feet of her front door and violates the neighborhood's restrictions. She alleges that the presence of the pool causes her emotional distress, decreases the value of her property, creates a noise disturbance, and destroys the peaceable use and possession of her property.

Plaintiff's complaint asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Disagreeing, Defendants contend that Ms. Burns has failed to allege or provide sufficient evidence showing that the amount in controversy exceeds $75,000. They also maintain that Plaintiff has not pled and cannot establish that this Court has personal jurisdiction over any of them. Accordingly, Defendants urge the Court to dismiss Plaintiff's claims.

Even if Plaintiff reasonably seeks an award of more than $75,000 in this matter, which the Court does not decide, the Court agrees that her claims are properly dismissed for lack of personal jurisdiction over the non-resident defendants. As recently explained by the Fifth Circuit, in *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, --- F.3d ----, 2010 WL 3156773, *2-3 (5th Cir. 2010):

> A district court sitting in diversity may exercise personal jurisdiction over a defendant to the extent permitted by state law. *Id.* at 242. The Louisiana long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process. *Id.* at 242-44. The exercise of personal jurisdiction comports with due process where: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 336 (5th Cir.1999) (citations omitted).

The "minimum contacts" prong of the two-part test may be further

---

[1] The neighbor is not a party to this suit.

subdivided into contacts that give rise to "general" personal jurisdiction and "specific" personal jurisdiction. Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general" jurisdiction over any action brought against that defendant. *Luv N' Care Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir.2006)(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). When the contacts are less extensive, the court may still exercise "specific" jurisdiction where a "nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." [*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 243 (5th Cir.2008)](internal quotations omitted). The plaintiff bears the burden of establishing a district court's jurisdiction over a nonresident; that burden is met by a prima facie showing. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citations omitted).

To show the type of "continuous and systematic" contact required for general jurisdiction, a plaintiff must demonstrate contacts of a more extensive quality and nature between the forum state and the defendant than those needed for specific jurisdiction. *Id.* at 609-10. To find general jurisdiction over the defendant, a defendant's contacts with the forum must be substantial; random, fortuitous, or attenuated contacts are not sufficient. *Id.* at 610.[2]

Here, general jurisdiction is at issue. Plaintiff's submissions, however, including her original and first amended complaints, simply do not make a prima facie showing of the necessary continuous and systematic contacts between any of the defendants and Louisiana. To the contrary, that two of the individual defendants each have traveled to Louisiana on one occasion to attend a football game, and that the third individual lived and worked in Louisiana for two years in the mid-1960's, constitute only random and attenuated contacts by those defendants.

---

[2] With specific jurisdiction, "[t]he 'purposeful availment' element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party." *Choice Healthcare, Inc.,* 2010 WL 3156773, * 3 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed.2d 528 (1985)).

Plaintiff also points to a marketing brochure, highlighting the proximity of Destin to New Orleans and other southern cities, that she allegedly was given about the neighborhood in 1995. She likewise emphasizes that an internet query will provide vacation rental information for the neighborhood. Neither of these facts, however, is sufficient to establish minimum contacts with respect to any of the defendants. There is no evidence that any of the defendants – including the association and its architecture committee – bear any responsibility for the brochure or the internet posting of rental information on the internet. Indeed, Defendants maintain that none of them produced or distributed the brochure, and speculate that a developer of the neighborhood did. Nor has Plaintiff alleged or demonstrated that any of the named defendants – rather than unnamed individual property owners or management companies – have any connection to any websites providing information to prospective owners and/or renters.

Accordingly, based on the factual information found in Plaintiff's submission, including her original and amending complaints, the Court, for essentially the reasons stated in Defendants' memoranda, concludes that general personal jurisdiction is not present in this forum. Thus, the Court grants Defendants' motion seeking dismissal of this action.

New Orleans, Louisiana, this 16th day of August 2010.

    _____
          **KURT D. ENGELHARDT**
    **UNITED STATES DISTRICT JUDGE**