UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BONNIE MATHERNE BURNS** | **CIVIL ACTION** |
| **VERSUS** | **NO:      10-0956** |
| **DUNES OF DESTIN NEIGHBORHOOD ASSOCIATION, INC.** | **SECTION: "N" (4)** |

### ORDER

Before the Court is a **Motion to Fix Attorney's Fees and Tax Costs by Defendants (R. Doc. 23)** filed by the Defendants, Dunes of Destin Neighborhood Association, Inc., Dunes of Destin Architecture Review Board Committee, Dan Johnson, Joe Beckwith, and John Hammons (collectively, "the Defendants") seeking an award of attorney's fees and costs associated with defending the above captioned action which was dismissed by the presiding judge on August 30, 2010. (R. Doc. 20.) The motion was heard without oral argument on Wednesday, September 22, 2010.

**I.      Factual Summary**

Plaintiff, a Louisiana resident, owns a vacation home in Destin, Florida. She brought the present action alleging that each of the defendants are responsible for allowing a pool to be installed in her neighbor's front yard. According to Plaintiff, the pool is within a few feet of her front door and violates the neighborhood's restrictions. She alleges that the presence of the pool causes her

emotional distress, decreases the value of her property, creates a noise disturbance, and destroys the peaceable use and possession of her property.

On August 16, 2010, the presiding Judge granted the Defendant's Motion to Dismiss finding that the Plaintiff failed to establish that the Court had personal jurisdiction over the Defendants. Specifically, the presiding Judge found that the Defendants did not have any continuous and systematic contacts with Louisiana, and the only limited contact that the Defendants did have with Louisiana was "random and attenuated." (R. Doc. 22, p. 3.)

As to the instant motion, Defendants seek an award of attorney's fees in the amount of 14,614.35 pursuant to Fla. Rev. Stat. § 720.305(1)[1] and costs in the amount of $14.70 pursuant to Fla. Rev. Stat. § 720.305(1) and Federal Rule of Civil Procedure 54(d)(1). Defendants contend that, because the case was dismissed and therefore they are the "prevailing party" for purposes of the Florida statute, they are entitled to attorney's fees. In support of the motion, Defendants attached an affidavit of lead counsel Steven F. Griffith, Jr. ("Griffith"). Griffith appended the invoices that his law firm billed to the client which details the contemporaneous billing entries for the legal services rendered.[2]

---

[1] Florida Revises Statute §720.305(1) states in relevant part:

> The prevailing party in any such litigation is entitled to recover reasonable attorney's fees and costs. A member prevailing in an action between the association and the member under this section, in addition to recovery his or her reasonable attorney's fees, may recover additional amounts as determined by the court to be necessary to reimburse the member for his or her share of assessments levied by the association to fund its expenses of the litigation. This relief does not exclude other remedies provided by law. This section does not deprive any person of any other available right or remedy.

Fla. Rev. Stat. § 720.305(1)(d).

[2] The Defendant's insurer has paid all of the invoices included in the motion with the exception on: (1) a $322.50 credit reflected on one of the invoices; (2) the most recent bill at the time of filing the motion that was not paid in the normal course of business; and (3) services performed during August, 2010, but not billed at the time of

## II.  Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees.[3]  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*  The lodestar is presumed to yield a reasonable fee.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[4].  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

filing. (R. Doc. 24-1, p. 4.)

[3]Although in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees, see *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), the instant motion relates to a dismissal which was based on the lack of jurisdiction under Federal law.  Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the Federal standard.

[4] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19.

**III.    Analysis**

    **A.    Calculating a Reasonable Hourly Rate**

As a preliminary matter, the Court first notes that, even though the underlying action was not dismissed on the merits, Defendants are the prevailing party pursuant to Florida Revised Statute § 720.305(1). *See Alhambra Homeowners Ass'n, Inc., v. Asad*, 943 So. 2d 316 (Fla. Dist. Ct. App. 2006). Therefore, an award of attorney's fees is appropriate.

Defendants seek to recover attorney's fees for work rendered by Steven F. Griffith, Jr. and Kathryn Cooper. Defendants do not seek to recover for the fees billed by J.R. Patterson, who periodically billed on the matter. Griffith's hourly rate associated with the above captioned matter is $256.60. Cooper's hourly rate is $153.00 per hour.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. See Hensley, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity

4

of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that Griffith's rate of $256.50 per hour is unreasonable. Griffith attests that he is a Shareholder in the New Orleans office of Baker Donelson Bearman Caldwell and Berkowitz, PC and lead counsel on the instant matter. He practices in the area of business litigation with a focus on business tort cases, and has significant experience in commercial litigation. (R. Doc. 24-1, p. 3.) He graduated from Loyola School of Law in 2000. Griffith's affidavit does not indicate when he became a member of a state bar. However, given the fact that he graduated law school in 2000, Griffith has been practicing law for approximately ten (10) years. Considering the market rate in this legal market for an attorney with his experience, the Court finds that a reasonable rate for Griffith is $200.00. *See, e.g. Wells v. Regency Hosp. Co.*, 2006 WL 5273712 at *3 (E.D. La. Dec. 15, 2008)(Roby, J.)(finding an hourly rate of $280.00 was excessive for an attorney with approximately 19 years of experience and limiting the rate to $200.00 per hour); *Battiste v. Allstate Ins. Co.*, 2008 WL 2787468 at *2 (E.D. La. Jul. 26, 2008)(Roby, J.)(awarding an hourly rate of $150 to a lawyer with eighteen (18) years of legal experience); *Davis v. American Sec. Ins. Co.*, 2008 WL

12228896 (E.Dl La. May 28, 2008)(Roby, J.)(awarding hourly rate of $125.00 for an attorney with (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metropolitan Propr. and Cas. Ins. Co.,* 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008)(Roby, J.)(awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour for an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007)(Roby, J.)(awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

The Court also finds that Cooper's rate of $153.00 is unreasonable. According to Griffith, Cooper is an Associate in the New Orleans office of Baker Donelson Bearman Caldwell and Berkowitz, PC and focuses primarily on commercial litigation. (R. Doc. 24-1, p. 3.) She graduated from Loyola School of Law in 2009. *Id.* Griffith's affidavit does not indicate whether or not Cooper is a member of the Louisiana bar. However, given that she graduated law school in 2009, she has been a practicing attorney for less than two (2) years. Considering the market rate in this legal market for an attorney with her experience, the Court finds that a reasonable rate for Cooper is $135.00. *See, e.g. Gulf Coast Facilities, Mngmt. v. BG LNG*, 2010 WL 2773208 (E.D. La. July 13, 2010)(Roby, J.)(finding that the reasonable rate for an attorney with one year and three months experience is $135.00); *Daggs v. Lexington Ins. Co.*, No. 07-7991, 2009 WL 5171392, at * 8 (E.D. La. Dec. 17, 2009)(Roby, J.)(holding that $170 per hour was excessive for lawyer with two years experience that $140.00 per hour was reasonable); *Evans v. Auto Club Family Ins. Co.*, No. 09-2022, 2010 WL 55915, at *3 (E.D. La. Jan. 4, 2010(Roby, J.)($135 was reasonable hourly rate for attorney with one year of experience).

### B. Determining the Reasonable Hours Expended

Defendants certify that Griffith expended 16.4 hours of work on this matter in pursuit of dismissal and Cooper performed 70.3 hours on the above captioned matter. (R. Doc. 24-1, pp. 3-4.) Defendants have also indicated that they are only seeking reimbursement of attorney's fees for its two lead attorneys because they did the "lion's share of the work" and are not seeking an additional $1,200 in additional attorney's fees billed by other attorney's on this matter. (R. Doc. 24-1, p. 4.) The Court therefore finds that the Defendants have properly exercised billing judgment and further finds that the hours sought for the subject motion are reasonable.

Therefore, given the appropriate hourly rate for both Griffith and Cooper, the appropriate amount of attorney's fees to be awarded in the instant case is $12,770.50.[5]

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

---

[5]Griffith's adjusted reasonable rate of $200.00, when multiplied by the 16.4 hours expended on this case, totals $3,280.00. Cooper's adjusted reasonable rate of $135.00, when multiplied by the 70.3 hours she expended on this case, totals $9,490.50. Together, the total amount billed by Griffith and Cooper is $12,770.50.

### D. Costs

Defendants also seek to recover costs associated with the above captioned matter pursuant to Florida Revised Statute 720.305 and Federal Rule 54(d). Defendants costs in which they seek total $14.70. A review of the invoices demonstrates that the only costs incurred which were billed were long distance telephone calls which defendants contend were directly related to obtaining dismissal of the case. The Court finds that the costs sought are reasonable.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Dunes of Destin Neighborhood Association, Inc., Dunes of Destin Architecture Review Board Committee, Dan Johnson, Joe Beckwith, and John Hammon's **Motion to Fix Attorneys' Fees and Tax Costs by Defendants** (R. Doc. 23) is hereby **GRANTED**. The Court finds that a total award of attorney's fees of **$12,770.50** and a total award of costs of **$14.70** is reasonable in the matter here. Therefore, the total amount to be awarded to the Defendants by Bonnie Matherne Burns is **$12,785.20.**

**IT IS FURTHER ORDERED** that Bonnie Matherne Burns shall satisfy this obligation to State Farm no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 15th day of December 2010

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**